Commonwealth *v.* Velasquez, Appellant.

Submitted November 24, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Leonard Turner,* for appellant.

*Martin H. Belsky* and *James D. Crawford,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, March 20, 1970:

On September 16, 1965, appellant appeared in court for his trial on a murder indictment. When the case was called appellant's privately retained counsel requested leave to withdraw, and requested that the case be continued "for a date certain" to allow appellant time to obtain new counsel. These requests were made because appellant wished to proceed to trial, while counsel felt that appellant should plead guilty. The trial judge refused both requests, however, ruling that the trial must proceed.* There followed a one-half hour

---

\* The relevant parts of the colloquy were as follows: "MR. FRYMAN [Counsel for defendant]: If the Court please, Louis W. Fryman, whose appearance is entered on behalf of the defendant, Antonio Velasquez. We have, sir, been in communication with our client and met with him at some length. We have investigated the facts of the case, and the principles of law, and according to that we have made certain recommendations to our client which he has deemed inappropriate and decided not to follow. He has at that point been asked to be given an opportunity to obtain other counsel. He's been in Court this morning, sir, and again in other conversations with him, he has indicated that he is unwilling to heed my advice, and asked to be given the opportunity to seek other counsel. With this in mind, we would ask the Court that the matter be continued for a date certain, to allow Mr. Velasquez to obtain counsel of his choosing. . . . THE COURT: . . . I see a lot of people in this Courtroom. Are they all witnesses in this case? MR. WOLF [Assistant District Attorney]: Yes, sir, the Commonwealth is prepared to begin its trial. . . . THE COURT: . . . Mr. Fryman is known to this Court as a very able practitioner, so he is well represented, and well represented by his own choosing. . . . [if] this is the kind of practice that ought to be sanctioned by the Court, there's nothing to stop any defendant . . . from next week or three weeks from now or one month from now, taking exactly the same position. MR. FRYMAN: I think, sir—THE COURT: To me,

recess, after which appellant entered a plea of guilty. That afternoon a three-judge panel found him guilty of first degree murder and sentenced him to life imprisonment. No appeal was taken.

In September of 1967 appellant filed a petition pursuant to the Post Conviction Hearing Act alleging, inter alia, that his plea of guilty was unlawfully induced and that he was denied his right to appeal. Counsel was appointed and a hearing held. The hearing court agreed that appellant had been denied his right to appeal, but held that the plea was voluntary. This appeal followed.

"[A] valid guilty plea must be 'the defendant's own voluntary and intelligent choice, not merely the choice of counsel.'" *Commonwealth v. Garrett,* 425 Pa. 594, 599, 229 A. 2d 922, 925 (1967). We cannot say that appellant's plea measures up to this standard. Appellant's lawyer wanted appellant to plead guilty; appellant wanted a trial, but the court would not permit him to secure counsel willing to try the case. Appellant, therefore, had the choice of accepting counsel's advice to plead guilty, or proceeding to trial with a lawyer who had already attempted to withdraw and

---

this must stop. This part of it must stop. There's too much going on these days just along these lines. . . . MR. FRYMAN: I would think, sir, so far as the time element is involved, this is the first listing of this matter. . . . THE COURT: But, I am one of those persons who likes to have all cases tried at the first listing. . . . MR. FRYMAN: If the Court please, I think the reasonableness here must be faced with the problem. The problem here is one of life or death. We are faced with first degree murder. THE COURT: I don't know what it is. The jury will determine that. MR. FRYMAN: The charges, sir, against this man are not petty charges where— THE COURT: I don't think that makes a bit of difference. . . . THE COURT: . . . Does he [the defendant] understand everything that was said here? THE DEFENDANT: What I want to know is—THE COURT: Just sit there. What was his answer? MR. FRYMAN: That he didn't want me as his attorney."

did not want to try his case. Under such circumstances it cannot be said that appellant had any real alternative to pleading guilty. Perhaps, from counsel's point of view, appellant's best strategy was to plead guilty. But, in a guilty plea, an accused must be permitted, if he so desires, to follow "the guidance of his own wisdom and not that of a lawyer." *Adams v. United States ex rel. McCann*, 317 U.S. 269, 275, 63 S. Ct. 236, 240 (1942). By refusing the continuance and the motion to withdraw, the trial court, in effect, forced him to follow his lawyer's wisdom and deprived his plea "of the character of a voluntary act." *Machibroda v. United States,* 368 U.S. 487, 493, 82 S. Ct. 510, 513 (1962); cf. *Commonwealth v. Servey,* 434 Pa. 433, 438, 256 A. 2d 469, 471 (1969).

It is true that a defendant, whether represented by retained or appointed counsel, cannot continually request new counsel when disagreements arise. But "[s]ince a relationship of mutual confidence between lawyer and client is important to the lawyer's fulfillment of his professional functions, where good cause is shown by the defendant why that confidence does not exist the court should substitute counsel." ABA Minimum Standards, Providing Defense Services 51 (1967). In the instant case "good cause" was certainly shown. Further, no previous postponements had been requested. We can see no reason why appellant could not have been given at least one chance to secure counsel willing to go to trial.

Since the court's failure to grant the motions for continuance and withdrawal effectively deprived appellant of any meaningful choice when he entered his guilty plea, appellant must be given a chance to plead over. The judgment of sentence of the Court of Quarter Sessions of Philadelphia County is vacated and the case remanded for a new trial.