635 A.2d 623

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Thomasine TYSON, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 21, 1992.

Decided Dec. 15, 1993.

Lester G. Nauhaus, Public Defender, Shelley Stark, Chief–Appellate Div., Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Kemal A. Mericli, Asst. Dist. Atty., Maria V. Copetas, Asst. Dist. Atty., Pittsburgh, for appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## OPINION OF THE COURT

CAPPY, Justice.

In this appeal we must determine whether appellant is entitled to a new trial or whether the issues raised in her Post–Conviction Relief Act petition (hereinafter PCRA) were finally litigated. For the following reasons, we conclude that under the unique circumstances presented here, appellant should be granted post-conviction relief. Accordingly, we reverse the order of the Superior Court. 406 Pa.Super. 667, 583 A.2d 836.

In November, 1985, appellant was convicted of aggravated assault[1] and violating the Uniform Firearms Act.[2] Following the denial of her post-trial motions, appellant was sentenced to five (5) to ten (10) years incarceration on the aggravated assault charge and a concurrent term of one (1) to five (5) years incarceration on the firearms violation. Appellant, however, remained free on an appeal bond while her case proceeded through the appellate process.

In her direct appeal to the Superior Court, appellant argued, *inter alia*, that trial counsel was ineffective (1) for failing to request a jury charge that would instruct the jury to consider the victim's prior acts of violence committed on appellant in assessing the reasonableness of appellant's fear of

1. 18 Pa.C.S. § 2702(a).

2. 18 Pa.C.S. § 6106.

the victim at the time of the shooting; and (2) for failing to present expert testimony regarding the "battered woman syndrome." The Superior Court affirmed the judgment of sentence, relying in pertinent part on its own decision in *Commonwealth v. Stonehouse*, 358 Pa.Super. 270, 517 A.2d 540 (1986), *reversed*, 521 Pa. 41, 555 A.2d 772 (1989).[3]

Counsel for appellant then filed a timely petition for allowance of appeal to this Court. While appellant's petition was pending in this Court, we granted allowance of appeal in *Stonehouse*. Prior to rendering our decision in *Stonehouse*, however, this Court denied appellant's petition for allowance of appeal. Appellant then sought reconsideration of our denial of allocatur, specifically arguing that because we had already granted allocatur in *Stonehouse*, we should also grant her appeal. At that time, appellant also applied to the trial court for a stay of execution of her sentence pending this Court's decision on her application for reconsideration of the denial of allocatur. The trial court as well as the Superior Court denied the application for stay. On May 6, 1988, this Court also denied the application for stay, but noted in our Order that said denial was "without prejudice to the Petitioner to apply for relief under the Post Conviction Hearing Act."

On March 3, 1989, this Court announced its decision in *Stonehouse* in which we reversed the defendant's conviction,

3. In *Stonehouse*, the defendant raised, *inter alia*, two of the identical issues raised in the instant matter. There, the Superior Court affirmed the judgment of sentence, finding in pertinent part (1) that counsel was not ineffective in failing to present expert testimony regarding the "battered woman syndrome" as such had not been recognized as a valid defense, and (2) that the failure of counsel to seek a self-defense instruction which would require the jury to consider the history of abuse suffered by the appellant in determining the reasonableness of her fear of the victim at the time of the shooting did not constitute ineffective assistance of counsel. In reversing that decision, five members of this Court held that where a defendant has suffered a history of physical abuse inflicted by the victim, the jury should be instructed that such past abusive behavior be considered in rendering its decision as to whether the appellant reasonably believed that he/she was in imminent danger at the time of the shooting and that failure to request such an instruction constitutes ineffective assistance of counsel. Additionally, three members of the Court held that counsel was ineffective in failing to present expert testimony regarding the "battered woman syndrome."

finding, *inter alia,* that the two claims of ineffectiveness raised by appellant in the instant matter were meritorious. Appellant subsequently filed a PCRA petition, asserting that she was entitled to a new trial under our holding in *Stonehouse.*[4] The trial court agreed, and ordered a new trial. On appeal by the Commonwealth, the Superior Court reversed the trial court's order, finding that the issues had been previously litigated on direct appeal and that therefore, appellant was not entitled to post-conviction relief.

On appeal, appellant first argues that our Order of May 6, 1988 specifically granted her the right to file for collateral relief. Appellant's claim is certainly not without foundation. As stated previously, this Court granted allocatur in *Stonehouse* while appellant's petition for allowance of appeal was pending. Further, aware of the significance of *Stonehouse* to her own case, appellant specifically sought reconsideration of this Court's denial of allocatur on the basis of our grant of appeal in *Stonehouse.* Moreover, our May 6, 1988 Order, which was entered during the time that appellant was seeking reconsideration, clearly indicated that her right to petition for collateral relief was not thereby being jeopardized.

Based upon the circumstances presented here, we conclude that while the issues presented here were, indeed, previously raised and decided in appellant's direct appeal and thus, under the PCRA were finally litigated, fairness dictates that we permit collateral relief. Appellant reasonably concluded from the wording of the May 6, 1988 order that it was this Court's intention to permit her to seek collateral relief and thereby have the benefit of our then pending *Stonehouse* decision. Under the circumstances presented here it would be manifestly unjust for this Court to affirm the Superior Court's decision especially given the fact that it was our own order that no doubt misled appellant. Under these limited facts, justice

4. We note that given our disposition of this matter, we need not address the issue raised by appellant and addressed by the Superior Court in a footnote, regarding whether the petition for collateral relief should be evaluated under the PCRA or the PCHA. Let it suffice to say that since the petition was filed after the effective date of the then newly enacted PCRA, we have characterized it as being filed under the new Act.

demands that we permit the trial court's order granting post-conviction relief to stand.[5]

Accordingly, we reverse the order of the Superior Court and remand this matter to the trial court for a new trial.[6]

ZAPPALA, J., concurs in the result.

---

**5.** The concept of "the interest of justice" has been recognized by our Court as a legitimate basis for rectifying errors which if not corrected would clearly result in unfairness and/or prejudice. *See, Commonwealth v. Powell,* 527 Pa. 288, 590 A.2d 1240 (1991) and cases cited therein.

**6.** Given our disposition of this matter, we need not address the remaining issues raised by appellant.

