**COMMONWEALTH of Pennsylvania,**
**Appellee**

**v.**

**Travis James LASKO, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 1, 2010.

Filed Feb. 10, 2011.

Linda L. Ziembicki, Rural Valley, for appellant.

Scott Andreassi, Assistant District Attorney, Kittaning, for Commonwealth, appellee.

BEFORE: BOWES, LAZARUS, and FREEDBERG, JJ.

OPINION BY FREEDBERG, J.:

Travis James Lasko appeals, *nunc pro tunc*, from the judgment of sentence entered in the Court of Common Pleas of Armstrong County on August 5, 2008. We vacate the judgment of sentence and remand for a new trial.[1]

On September 8, 2006, Appellant's girlfriend and her son notified police that Appellant threatened them with a small

handgun outside his residence in Leechburg, Pennsylvania. The police obtained a search warrant for Appellant's residence seeking the handgun. While searching the residence, the police observed a marijuana plant in plain view at the top of the second floor stairs. At that point, the police stopped the search and sought a second warrant to search for illegal narcotics. After obtaining the second warrant, the police searched the home, and eventually located the handgun described in the criminal complaint, as well as marijuana, cocaine, and drug paraphernalia.

On February 14, 2007, court-appointed counsel entered an appearance on behalf of Appellant. Appellant initially agreed to a guilty plea, and entry of the plea was scheduled for March 30, 2007. However, Appellant did not enter the guilty plea, and on April 2, 2007, the trial court granted counsel's request for a continuance so that she could file a motion to suppress. No motion to suppress was filed.

For reasons that are not apparent from the record, there was no activity on this matter until March 20, 2008, when the trial court scheduled a conference for April 4, 2008. On April 4, 2008, the matter was scheduled for jury selection on July 7, 2008.

On July 7, 2008, Appellant stated to the court that he was dissatisfied with counsel. Appellant claimed that counsel refused to file a motion to suppress and was pressuring him to enter a guilty plea rather than proceeding to trial. After a brief discussion, the trial court conducted a waiver of counsel colloquy finding that Appellant was knowingly, intelligently, and voluntarily waiving his right to counsel. Appellant then submitted a *pro se* motion to suppress.

1. The Armstrong County District Attorney's Office has not filed a brief.

On July 9, 2008, Appellant, acting *pro se*, litigated the motion to suppress, which was denied by the trial court. Following a jury trial, during which Appellant represented himself, Appellant was convicted of one count of possession of a controlled substance,[2] one count of possession with intent to deliver,[3] possession of a small quantity of marijuana,[4] and possession of drug paraphernalia;[5] Appellant was found not guilty of a second count of possession with intent to deliver.

On August 5, 2008, Appellant appeared for sentencing. At that time, Appellant requested a continuance because he had retained counsel, who was hospitalized. The trial court denied the request because counsel had not entered an appearance. Appellant was sentenced to an aggregate term of incarceration of fifteen (15) to thirty (30) months.[6]

Appellant filed a timely appeal. The trial court ordered a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellate Counsel did not do so. On February 23, 2009, this Court dismissed the appeal because counsel failed to file a brief.

On October 13, 2009, Appellant, acting *pro se*, filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541–9546, seeking restoration of his direct appeal rights. Counsel was appointed. On April 7, 2010, the PCRA court granted the petition, reinstating Appellant's direct appeal rights. The instant, timely appeal followed. Appellant was ordered to file a concise statement of errors complained of on appeal pursuant to Pa. R.A.P. 1925(b). Appellant did so. The trial court issued an opinion.

Appellant raises three issues on appeal: the first challenges the trial court's finding that Appellant waived counsel; the remaining two raise evidentiary issues. Because Appellant is entitled to a new trial on the counsel issue, we do not address Appellant's second and third claims.

■ Appellant argues that he did not knowingly, intelligently, and voluntarily waive his right to be represented by counsel. The right to counsel is guaranteed by both the Sixth Amendment and by Article I, Section 9 of the Pennsylvania Constitution. It is a fundamental right, as Justice Black stated in *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963):

> The assistance of counsel is one of the safeguards of the Sixth Amendment deemed necessary to insure fundamental human rights of life and liberty. The Sixth Amendment stands as a constant admonition that if the constitutional safeguards it provides be lost, justice will not still be done.

*Gideon,* 372 U.S. at 344, 83 S.Ct. 792 (internal quotation marks and parentheses omitted).

A review of the record demonstrates that Appellant did not seek to waive his right to counsel. When the trial court stated that it had been told that Appellant wished to proceed *pro se,* Appellant responded that what he wanted was an attorney that would "work for me." N.T. 7/7/08 at 3. Appellant advised the Court that despite informing counsel that he wanted to go to trial, counsel was pressing him to accept a negotiated guilty plea offered by the Commonwealth. *Id.* at 3–4. When

---

2. 35 P.S. § 780–113(a)(16).

3. 35 P.S. § 780–113(a)(30).

4. 35 P.S. § 780–113(a).

5. 35 P.S. § 780–113(a)(32).

6. Defendant was released on parole on or about November 1, 2009.

the trial court asked counsel if going to trial was a problem, counsel replied as follows:

> [y]our Honor, that's his choice. These things have been explained to him. He's not been the most cooperative client I've had. I've explained to him things such as he is now working. He is in a management position at Arby's and he was to re-apply to the Public Defender's Office. I'm not sure if he even still qualifies for court-appointed counsel. Some other things I explained the plea offer was possession of small amount of marijuana and paraphernalia. At one point, he was going to take that plea and then he chose not to.

*Id.* at 4.

The impression left by counsel's comment is that Appellant was correct that while counsel was willing to represent him if he entered a guilty plea, she was reluctant to take the case to trial, possibly because she believed he was no longer financially eligible for court-appointed counsel. Counsel's equivocation should have prompted further inquiry by the trial court. The trial court made no further attempt to inquire as to the accuracy of Appellant's assertion, or why, if in fact Appellant was not financially eligible, counsel waited until the morning of trial to raise this issue. Instead, the trial court began the waiver colloquy. When asked if Appellant wished to waive his right to counsel, he again replied that he wanted an attorney who would "work" for him and noted that counsel had refused to file a motion to suppress and, instead, urged Appellant to take the plea deal. Again, the trial court failed to make any further inquiry into counsel's actions or inactions and instead asked Appellant if his "intention [was] then not to use [court-appointed counsel] and instead represent [himself]?"

*Id.* at 7. Appellant replied that he would do that. *Id.*

The record clearly reflects that Appellant did not wish to proceed *pro se.* Rather, he wanted new counsel appointed who would pursue a suppression motion and try the case. Further, the record supports Appellants' claim that counsel was resistant to Appellant's insistence on defending the case. The record demonstrates that despite requesting a continuance to file a motion to suppress, counsel failed to do so and never supplied any explanation for that failure. The record also shows that counsel waited until the morning of trial to announce that she believed that Appellant was no longer financially eligible for her services. At no point did counsel refute Appellant's allegation that she was unwilling to take his case to trial. Rather, the record shows that counsel twice reiterated that a good plea deal had been offered to Appellant. Further, no inquiry was made into whether Appellant was financially eligible for continued appointment of counsel. Appellant was not offered the opportunity to retain counsel if, in fact, he was not eligible for continued appointment.

It is the defendant's choice, not counsel's, whether to go to trial or to accept a guilty plea. *Commonwealth v. Velasquez*, 437 Pa. 262, 263 A.2d 351, 353 (1970). In *Velasquez*, retained counsel sought to withdraw on the morning of trial because he believed that the defendant should plead guilty, while the defendant wished to proceed to trial. *Velasquez*, 263 A.2d at 352. The trial court refused counsel's request; one-half later, the defendant entered a plea to murder and was sentenced to life in prison. *Id.* The Pennsylvania Supreme Court reversed the conviction stating:

> [a] valid guilty plea must be 'the defendant's own voluntary and intelligent choice, not merely the choice of counsel'.

*Commonwealth v. Garrett*, 425 Pa. 594, 599, 229 A.2d 922, 925 (1967). We cannot say that appellant's plea measures up to this standard. Appellant's lawyer wanted appellant to plead guilty; appellant wanted a trial, but the court would not permit him to secure counsel willing to try the case. Appellant, therefore, had the choice of accepting counsel's advice to plead guilty or proceeding to trial with a lawyer who had already attempted to withdraw and did not want to try his case. Under such circumstances it cannot be said that appellant had any real alternative to pleading guilty. Perhaps, from counsel's point of view, appellant's best strategy was to plead guilty. But, in a guilty plea, an accused must be permitted, if he so desires, to follow 'the guidance of his own wisdom and not that of a lawyer.' *Adams v. United States ex rel. McCann*, 317 U.S. 269, 275, 63 S.Ct. 236, 240, 87 L.Ed. 268 (1942). By refusing the continuance and the motion to withdraw, the trial court, in effect, forced him to follow his lawyer's wisdom and deprived his plea 'of the character of a voluntary act.' *Machibroda v. United States*, 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473 (1962); *cf. Commonwealth v. Servey*, 434 Pa. 433, 438, 256 A.2d 469, 471 (1969).

It is true that a defendant, whether represented by retained or appointed counsel, cannot continually request new counsel when disagreements arise. But '(s)ince a relationship of mutual confidence between lawyer and client is important to the lawyer's fulfillment of his professional functions, where good cause is shown by the defendant why that confidence does not exist the court should substitute counsel.' ABA Minimum Standards, Providing Defense Services 51 (1967). In the instant case 'good cause' was certainly shown. Fur-

ther, no previous postponements had been requested. We can see no reason why appellant could not have been given at least one chance to secure counsel willing to go to trial.

*Id.* at 353–54.

In *Commonwealth v. Powell*, 787 A.2d 1017 (Pa.Super.2001), counsel was appointed to represent two co-defendants who had filed PCRA petitions. Despite being appointed over one-year prior to the PCRA hearing, counsel failed to file an amended petition, did not seek to withdraw from the case, and did not respond to the petitioners' inquiries. *Id.* at 1019–20. After the PCRA court denied their request for new counsel, the codefendants waived their right to counsel. *Id.* at 1020. Despite holding that the PCRA court conducted an adequate waiver colloquy, this Court held that the appellants had not voluntarily waived their right to counsel. *Id.* This Court stated:

> [r]ather, when counsel failed to either file an amended petition or to withdraw, and the court refused to appoint substitute counsel, Appellants believed they had no choice but to proceed *pro se* so that the numerous issues they believed to be meritorious would be preserved for judicial review. Indeed, there has never been any declaration by counsel that the issues Appellants wish to raise are, in fact, meritless, or any explanation of their failure to file amended petitions on Appellants' behalf.

*Id.*

The case at bar is substantially similar to both *Velasquez* and *Powell.* Appellant was faced with the choice of pleading guilty or going to trial with a lawyer who had not sought suppression and did not want to go to trial, and doubted his eligibility for her services. The trial court did not make any inquiry into Appellant's

claims regarding counsel's failure to file a suppression motion; there was no inquiry as to counsel's preparation for and willingness to try the case; it did not offer to appoint new counsel; and it did not give Appellant the opportunity to retain counsel if he was no longer eligible for appointment of counsel. Appellant's Sixth Amendment right to counsel was violated.

Even if we were to conclude that Appellant sought to waive his right to counsel, a new trial is necessary as the waiver colloquy was insufficient. The Supreme Court of Pennsylvania has stated that the trial court must conduct a "probing colloquy ... making a searching and formal inquiry" in to the following questions:

> (1) whether the defendant is aware of his right to counsel or not and (2) whether the defendant is aware of the consequences of waiving that right or not. Specifically, the court must inquire whether or not: (1) the defendant understands that he has the right to be represented by counsel, and the right to have free counsel appointed if he is indigent; (2) the defendant understands the nature of the charges against him and the elements of each of those charges; (3) the defendant is aware of the permissible range of sentences and/or fines for the offenses charged; (4) the defendant understands that if he waives the right to counsel he will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules; (5)[the] defendant understands that there are possible defenses to these charges which counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and (6) the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised

by the defendant, the objection to these errors may be lost permanently.

*Commonwealth v. Blakeney,* 596 Pa. 510, 946 A.2d 645, 655 (2008).

The colloquy, conducted on the morning of trial was did not meet the standard required by The Pennsylvania Supreme and Pennsylvania Rule of Criminal Procedure 121(A). After the events narrated above, the trial court had Appellant sign a written colloquy, despite Appellant again stating that he was trying to get help and did not know what he was supposed to do. *Id.* at 8. When asked if he was voluntarily waiving his right to counsel, Appellant replied that he felt threatened by both his attorney and the assistant district attorney, who were attempting to force him to take a plea deal. *Id.* at 8. The trial court then accepted Appellant's waiver of counsel and did not appoint stand-by counsel.

The trial court having orally explained to Appellant only what he was charged with and his possible sentencing exposure, relied on the one and one-half page written waiver colloquy for the rest. However, the written colloquy did not explain the elements of the crime. Waiver of Counsel Colloquy dated 7/7/08. Further, the Pennsylvania Supreme Court has held that a written waiver, without more, is not sufficient to establish a knowing and intelligent waiver of counsel. *Com. ex. rel. Fairman v. Cavell,* 423 Pa. 138, 222 A.2d 722, 724 (1966). This Court has stated that the colloquy must both be "penetrating and comprehensive" and must be conducted on-the-record. *Commonwealth v. Houtz,* 856 A.2d 119, 124 (Pa.Super.2004). A full colloquy was not conducted on the record as the trial court did not explain the elements of the crimes; did not explain to Appellant that if he waived the right to counsel he would be bound by all the normal rules of procedure and that counsel

would be familiar with these rules; did not ensure that Appellant understood that there were possible defenses to the charges which counsel might be aware of, and if those defenses were not raised at trial, they might be lost permanently; and did not ensure that Appellant understood that, in addition to defenses, he had many rights that, if not timely asserted, might be lost permanently.

Under these circumstances, we are compelled to vacate Appellant's judgment of sentence and remand for a new trial. If he is financially eligible, counsel must be provided for him. If Appellant is not financially eligible for appointed counsel, he must be given the opportunity to retain counsel.

Judgment of sentence **VACATED.** Case **REMANDED.** Jurisdiction **RELINQUISHED.**