J. S02014/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| VADIM ILLARIONOV, | : | No. 1838 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, April 7, 2016,
in the Court of Common Pleas of Chester County
Criminal Division at No. CP-15-CR-0001209-2015

BEFORE: FORD ELLIOTT, P.J.E., STABILE AND MOULTON, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 04, 2017**

Vadim Illarionov appeals from the judgment of sentence entered on April 7, 2016, in the Court of Common Pleas of Chester County following his conviction in a waiver trial of one count of driving under the influence of alcohol ("DUI").[1]  Assistant Chester County Public Defender Stephen F. Delano has filed a petition to withdraw, alleging that the appeal is frivolous, accompanied by an ***Anders*** brief.[2]  After careful review, we deny counsel's withdrawal petition, vacate appellant's judgment of sentence, and remand for a new trial.

---

[1] 75 Pa.C.S.A. § 3802(a)(1).

[2] ***See Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

On February 28, 2015, appellant was arrested and charged with DUI. The record reflects that Attorney Evan Kelly entered his appearance on appellant's behalf by praecipe docketed on April 14, 2015. On July 2, 2015, and again on August 14, 2015, the trial court continued appellant's trial upon motion of defense counsel. The certified record before us is scant, and it fails to contain defense counsel's motions for continuance.

Additionally, the docket sheet entries indicate that appellant completed a waiver of counsel colloquy on September 28, 2015. Although the record contains a written waiver of counsel colloquy that appears to be executed by appellant and is dated September 28, 2015, this written colloquy bears no time-stamp. Additionally, the execution line provided for the trial court to acknowledge its finding that appellant knowingly, intelligently, and voluntarily waived his right to counsel remains blank. Curiously, the certified record contains a court order dated September 21, 2015, which was 7 days prior to appellant's alleged written waiver of counsel, in which the trial court permitted Attorney Kelly to withdraw. The docket sheet entries, however, fail to reflect that this order was docketed, and the order also bears no time-stamp. The record further demonstrates that Attorney Kelly never filed a motion to withdraw. We are, therefore, unable to determine why the trial court permitted Attorney Kelly to withdraw.

The record further reflects that on December 15, 2015, appellant appeared for trial without representation, and the following colloquy took place:

> THE COURT: All right. And Mr. Illarionov, if you could come up to the podium, please. And would you state your name.
>
> [APPELLANT]: Vadim Illarionov.
>
> THE COURT: And sir, do you have an attorney?
>
> [APPELLANT]: I do not.
>
> THE COURT: And do you wish to proceed without an attorney today?
>
> [APPELLANT]: I do.
>
> THE COURT: And do you understand that you have the right to be represented by an attorney and if you can't afford one, one would be assigned to represent you free of charge? Do you understand that?
>
> [APPELLANT]: I do. I tried to get a public attorney, but based on my wife's income from last year, we were above poverty level.
>
> THE COURT: So then you do not qualify for a free attorney. All right. And I did have you read and fill out this waiver of counsel colloquy. Do you remember doing that?
>
> [APPELLANT]: Yes, I do.
>
> THE COURT: All right. And I note that on that, you had requested stand-by counsel to be appointed. Unfortunately, since you do not qualify for a free attorney based on your income, I'm not going to be appointing stand-by counsel. All right. Do you have any questions or concerns about that?

[APPELLANT]: Well, actually, I do. My wife and I are going through a divorce. So I'm not sure if I should proceed today because she is not supporting me anymore. I'm living at a friend's house in Thorndale, the Coatsville area, since yesterday.

THE COURT: When did you separate?

[APPELLANT]: Well, it would have been -- it's been a rough ride with separation. We have separated five times in the last seven years.

THE COURT: Have things changed since you filled this out back on September 28th, 2015?

[APPELLANT]: Nothing has been filed yet.

THE COURT: All right. What I can do is have you go up to the Public Defender's Office, explain all of that to them, see if that makes any difference. But if it does not, I'm not going to postpone the case. So would you like to take the time to do that?

[APPELLANT]: No. Actually, I would like to proceed.

THE COURT: Okay. Very good. You can have a seat there.

Notes of testimony, 12/15/15 at 2-4. The trial court then conducted a waiver trial. At the close of evidence, the trial court found appellant guilty of DUI.

The record next reflects that on March 14, 2016, Public Defender Delano entered his appearance on appellant's behalf. On April 7, 2016, the trial court sentenced appellant to 5 days to 6 months of imprisonment, a $1,000 fine plus costs, and 20 hours of community service. On April 18, 2016, appellant filed a post-sentence motion in which he contended that the

verdict was against the weight of the evidence. The trial court denied the motion by order dated May 13, 2016.

On June 13, 2016, appellant then filed a timely notice of appeal to this court. On June 16, 2016, the trial court directed appellant to file a concise statement of errors complained of on appeal within 21 days. On July 6, 2016, Public Defender Delano filed a statement of intent to file an *Anders* brief in lieu of a statement of matters complained of on appeal. Although the trial court filed a "brief opinion regarding the reasons for [its] rulings," it erroneously determined that "[d]ue to [appellant's] failure to file and serve upon this Court a concise statement of matters complained of on appeal as directed by our Order of June 16, 2016, all allegations of error are deemed waived [pursuant to] Pa.R.A.P. 1925(b)(4)(vii)." (Trial court opinion, 8/10/16 at 2.) This determination was in error because Rule 1925(c)(4) permits counsel in a criminal case to serve on the judge a statement of intent to file an *Anders* brief in lieu of filing a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(c)(4).

On October 25, 2016, Public Defender Delano filed in this court a petition to withdraw as counsel and an *Anders* brief, wherein Public Defender Delano states that, after a conscientious review of the record, he determined that an appeal is wholly frivolous.

> A request by appointed counsel to withdraw pursuant to *Anders* and *Santiago* gives rise to certain requirements and obligations, for both appointed counsel and this Court. *Commonwealth v.*

*Flowers*, 113 A.3d 1246, 1247-1248 (Pa.Super. 2015).

These requirements and the significant protection they provide to an *Anders* appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa.Super. 2007). This Court has summarized these requirements as follows:

Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

*Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise additional points worthy of the Court's attention.

*Woods*, 939 A.2d at 898 (citations omitted).

There are also requirements as to the precise content of an *Anders* brief:

> The **Anders** brief that accompanies court-appointed counsel's petition to withdraw . . . must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

> **Santiago**, 978 A.2d at 361.

> **Id.** at 1248. If this Court determines that appointed counsel has met these obligations, it is then our responsibility "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Id.** at 1248. In so doing, we review not only the issues identified by appointed counsel in the **Anders** brief, but examine all of the proceedings to "make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues." **Id.**

**Commonwealth v. Hankerson**, 118 A.3d 415, 419-420 (Pa.Super. 2015).

Our review of Public Defender Delano's application to withdraw, supporting documentation, and **Anders** brief reveals that he has complied with all of the foregoing requirements. We note that counsel also furnished

a copy of the brief to appellant, advised him of his right to retain new counsel, proceed *pro se*, and/or raise any additional issues that he deems worthy of this court's attention, and attached to the *Anders* petition a copy of the letter sent to appellant as required under *Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa.Super. 2005).  *See Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa.Super. 2010) ("While the Supreme Court in *Santiago* set forth the new requirements for an *Anders* brief, which are quoted above, the holding did not abrogate the notice requirements set forth in *Millisock* that remain binding legal precedent.").

As Public Defender Delano has complied with all of the requirements set forth above, we conclude that counsel has satisfied the procedural requirements of *Anders*.  Once counsel has met his obligations, however, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous."  *Santiago*, 978 A.2d at 355 n.5.

In this case, we need not turn to the merits of the issues appellant wishes to raise because our independent review of the record reveals that the trial court violated appellant's right to counsel as provided by the Sixth Amendment to the United States Constitution and by Article I, Section Nine of the Pennsylvania Constitution when it tried him *pro se* after failing to

conduct an adequate waiver of counsel colloquy and when appellant's waiver of counsel was equivocal.

"Both the right to counsel and the right to self-representation are guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section Nine of the Pennsylvania Constitution." *Commonwealth v. Payson*, 723 A.2d 695, 699 (Pa.Super. 1999). "Deprivation of these rights can never be harmless." *Id.* In *Payson*, this court instructed that:

> An individual may certainly waive a constitutional right. However, a waiver is only valid if made with knowledge and intelligence. If we are to uphold such a waiver, the record must clearly demonstrate an informed relinquishment of a known right. In order to make a knowing and intelligent waiver, the individual must be aware of both the nature of the right and the risks and consequences of forfeiting it.

*Id.* at 700 (internal citations omitted).

Moreover,

> the presumption must always be against the waiver of a constitutional right. Nor can waiver be presumed where the record is silent. The record must show, or there must be an allegation and evidence which shows, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.

*Id.* (citation omitted).

Our supreme court has held that a trial court must conduct a "probing colloquy . . . making a searching and formal inquiry" into the following questions:

> (1) whether the defendant is aware of his right to counsel or not and (2) whether the defendant is aware of the consequences of waiving that right or not. Specifically, the court must inquire whether or not: (1) the defendant understands that he has the right to be represented by counsel, and the right to have free counsel appointed if he is indigent; (2) the defendant understands the nature of the charges against him and the elements of each of those charges; (3) the defendant is aware of the permissible range of sentences and/or fines for the offenses charged; (4) the defendant understands that if he waives the right to counsel he will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules; (5) [the] defendant understands that there are possible defenses to these charges which counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and (6) the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, the objection to these errors may be lost permanently.

*Commonwealth v. Lasko*, 14 A.3d 168, 173 (Pa.Super. 2011) (citation omitted; brackets in original).

Our state and federal constitutions guarantee both the right to counsel and the right to self-representation. *Faretta v. California*, 422 U.S. 806, 821 (1975) (implicit in the structure of the Sixth Amendment is the right of a criminally accused to conduct his own defense); *Commonwealth v. Szuchon*, 484 A.2d 1365, 1376-1377 (Pa. 1984) (an accused has a right to conduct his own defense pursuant to Article 1, Section 9 of the Pennsylvania Constitution). "[I]n order to invoke the right of self[-]representation, the

request to proceed **pro se** must be made timely and not for purposes of delay and must be clear and unequivocal." **Commonwealth v. Davido**, 868 A.2d 431, 438 (Pa. 2005). In considering whether such a request is unequivocal, we consider "a myriad of factors[,]" including, but not limited to, whether the request was for hybrid representation or merely for the appointment of standby or advisory counsel; the trial court's response to a request; whether a defendant has consistently vacillated in his request; and whether a request is the result of an emotional outburst. **Id.** at 439. "[T]he inquiry surrounding whether a request to proceed **pro se** is unequivocal is fact intensive and should be based on the totality of the circumstances surrounding the request." **Id.**

Here, even assuming that the written colloquy contained in the certified record before us lacked deficiencies, our supreme court has held that a written waiver, without more, is not sufficient to establish a knowing and intelligent waiver of counsel. **Lasko**, 14 A.3d at 173 (citation omitted). Additionally, this court has held that the trial court must conduct a "penetrating and comprehensive" colloquy on-the-record. **Id.** (citation omitted). Accordingly, we examine the oral colloquy to determine whether it was constitutionally sufficient. We also consider the record as a whole to determine, based upon the totality of the circumstances, whether appellant unequivocally waived his right to counsel.

Here, it is clear that the oral colloquy conducted was not adequate. The trial court failed to inquire as to: (1) whether appellant understood the nature of the charges against him and the elements of the charges; (2) whether appellant was aware of the permissible range of sentences and/or fines for the offenses charged; (3) whether appellant understood that if he waived the right to counsel, he would still be bound by all normal rules of procedure and that counsel would be familiar with these rules; (4) whether appellant understood that there were possible defenses to the charges that counsel might be aware of, and that if these defenses were not raised at trial, they may be lost permanently; (5) whether appellant understood that, in addition to defenses, he had many rights that, if not timely asserted, may be permanently lost; and (6) whether appellant understood that if errors occurred and were not timely objected to, or otherwise timely raised by appellant, these errors could be permanently lost.

Moreover, the totality of circumstances present in this case demonstrates that appellant's waiver of counsel was equivocal. In response to the trial court's inquiry as to whether appellant had any concerns, appellant stated, "actually, I do." (Notes of testimony, 12/15/15 at 3.) Appellant then stated that he was "not sure if [he] should proceed today" and attempted to explain his reduced income and inability to afford counsel in light of his separation from his wife. (*Id.* at 3-4.) The trial court, however, did not permit appellant to explain his financial situation, but,

rather, informed appellant that he could, at that point in the proceedings, go to the public defender's office and explain, but if that did not make a difference, the trial court would not postpone the case. (*Id.* at 4.) It then asked appellant if he would "like to take the time to do that." (*Id.*) It was then that appellant elected to proceed *pro se*. (*Id.*) Additionally, appellant is represented by an assistant public defender in this appeal; albeit, he is seeking to withdraw.

Given these considerations, it is abundantly clear that appellant's waiver of counsel was equivocal and that the waiver of counsel colloquy was fatally deficient in fulfilling the requirements set forth by the Pennsylvania Supreme Court. In such circumstances, there are no assurances that appellant knowingly, voluntarily, and intelligently waived his right to counsel. Accordingly, we vacate appellant's judgment of sentence and remand the case for a new trial. Given our disposition in this matter, we need not address the claims appellant raised for our review. We do note, however, that our review of the record raises concerns that implicate *Birchfield v. North Dakota*, ___ U.S. ___, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016).

Petition to withdraw denied; judgment of sentence vacated; case remanded for a new trial. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/4/2017