J-S20006-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RIGOBERTO HERNANDEZ | : | |
| | : | |
| Appellant | : | No. 1624 MDA 2023 |

Appeal from the PCRA Order Entered October 20, 2023
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0001002-2017

BEFORE: OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:         **FILED: SEPTEMBER 16, 2024**

Appellant, Rigoberto Hernandez, appeals *pro se* from the October 20,
2023 order entered in the Court of Common Pleas of Lebanon County that
denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA"),
42 Pa.C.S.A. §§ 9541-9546. We affirm.

This Court previously summarized the factual and procedural history as
follows:

> On April 6, 2017, at approximately 11:30 a.m., Appellant
> and his co-defendant, Orlando Nunez-Flores
> (["]Nunez-Flores["]), drove to the Fulton Bank located in
> Schaefferstown, Lebanon County[, Pennsylvania].
> Nunez-Flores entered the bank and demanded money from
> the tellers at gunpoint, while Appellant waited in his vehicle.
> After Nunez-Flores obtained $2,963.00 in cash, some of
> which was [global positioning system ("GPS")]-enabled for
> tracking, he ran out the front door and [got] into Appellant's
> vehicle. Responding police officers pursued the GPS signal

---

[*] Former Justice specially assigned to the Superior Court.

coming from Appellant's [vehicle], which led to a high-speed chase ending with Appellant's [vehicle] crashing into a chain link fence. Police officers pulled Appellant out of the vehicle and took him into custody. Nunez-Flores fled the scene[] but[,] after a foot chase[,] was captured in possession of cash obtained [during] the robbery.

***Commonwealth v. Hernandez***, 209 A.3d 1074, 1098 MDA 2018[, 2019 WL 666664] (Pa. Super. filed Feb. 19, 2019) (unpublished memorandum at 1-2).

Appellant and Nunez-Flores were tried jointly. Appellant elected to represent himself, with [counsel] appointed as standby counsel. The jury convicted Appellant of four counts of conspiracy; two counts of robbery; and one count each of theft by unlawful taking, receiving stolen property, recklessly endangering another person, fleeing or attempting to elude a police officer, and reckless driving.[FN2] The trial court sentenced Appellant to an aggregate [term of] 16-49 years['] incarceration. This Court affirmed Appellant's judgment of sentence on February 19, 2019, and [our] Supreme Court denied allowance of appeal on August 27, 2019. ***See id.***, *appeal denied*, 217 A.3d 214 (Pa. 2019).

[Footnote 2: 18 Pa.C.S.A. §§ 903, 3701(a)(1)(ii) and (vi), 3921(a), 3925(a), 2705, as well as 75 Pa.C.S.A. §§ 3733(a) and 3736(a), respectively.]

***Commonwealth v. Hernandez***, 305 A.3d 991, 21 MDA 2023, 2023 WL 5995525, at *1 (Pa. Super. filed Sept. 15, 2023) (unpublished memorandum) (original brackets omitted).

Appellant subsequently litigated three unsuccessful PCRA petitions.[1] On October 16 2023, Appellant filed *pro se* the instant PCRA petition, his fourth.

---

[1] Appellant filed his first PCRA petition on April 9, 2020, and counsel was appointed to represented him. The PCRA court denied Appellant's petition on September 17, 2020. Appellant did not pursue an appeal.

The PCRA court denied Appellant's petition on October 20, 2023. This appeal followed.[2]

Appellant raises the following issue for our review:

> Whether the [PCRA] court abused its discretion in dismissing Appellant's [PCRA] petition seeking relief in the interest of justice where insufficient reason exist[s] to support differential treatment among individuals[?]

Appellant's Brief at 3.

Appellant's claim challenges the PCRA court's dismissal of his October 16, 2023 petition, asserting that the PCRA court erroneously determined that his petition was untimely and that he failed to plead and prove one of the timeliness exceptions enumerated in Section 9545(b)(1). *Id.* at 7-12.

Our scope and standard of review of an order denying a PCRA petition is well-settled. Proper appellate review of a PCRA court's dismissal of a petition is limited to an examination of "whether the PCRA court's

_____

On November 9, 2021, Appellant filed *pro se* his second PCRA petition, which was styled a "Petition for *Habeas Corpus* Relief Pursuant to Article I, § 14 of the Pennsylvania Constitution." The PCRA court denied Appellant's petition on November 24, 2021, and this Court affirmed the order denying Appellant's second PCRA petition on August 29, 2022. *Hernandez*, 284 A.3d 951, 3 MDA 2022, 2022 WL 14547, at *1.

On October 27, 2022, Appellant filed *pro se* his third PCRA petition, which the PCRA court denied on December 2, 2022. This Court affirmed the order denying Appellant's third PCRA petition on September 15, 2023. *Hernandez*, 305 A.3d 991, 21 MDA 2023, 2023 WL 5995525, at *1.

[2] Both Appellant and the PCRA court complied with Pennsylvania Rule of Appellate Procedure 1925.

determination is supported by the record and free of legal error." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." ***Commonwealth v. Hickman***, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted). In contrast, we review the PCRA court's legal conclusions *de novo*. ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).

If a PCRA petition is untimely, courts lack jurisdiction over the claims and cannot grant relief. ***Commonwealth v. Reid***, 235 A.3d 1124, 1143 (Pa. 2020) (stating, "[w]ithout jurisdiction, [courts] simply do not have legal authority to address the substantive claims" (citation and original quotation marks omitted)). As discussed *supra*, this Court affirmed Appellant's judgment of sentence on February 19, 2019, and our Supreme Court denied allowance of appeal on August 27, 2019. As such, Appellant's judgment of sentence became final on November 25, 2019, upon the expiration of time for seeking discretionary review with the Supreme Court of the United States. U.S. Sup. Ct. R 13(1) (stating, "A petition for a *writ* of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk

within 90 days after entry of the order denying discretionary review."); **see also** 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review").

To be timely filed, a PCRA petition, including second and subsequent petitions, must be filed within one year of the date a petitioner's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). Therefore, Appellant had until November 25, 2020, to file a timely PCRA petition. Appellant filed the instant petition on October 16, 2023, more than two years after the deadline for filing a timely PCRA petition. Consequently, Appellant's petition is patently untimely. **Id.**; **see also** Appellant's Brief at 7 (recognizing that his PCRA petition was filed more than one year after his judgment of sentence became final).

If a PCRA petition is untimely, the jurisdictional time-bar can only be overcome if the petitioner alleges and proves one of the three statutory exceptions, as set forth in 42 Pa.C.S.A. § 9545(b)(1). **Commonwealth v. Spotz**, 171 A.3d 675, 678 (Pa. 2017). The three narrow statutory exceptions to the one-year time-bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly[-]discovered facts; and (3) an after-recognized constitutional right." **Commonwealth v. Brandon**, 51 A.3d 231, 233-234 (Pa. Super. 2012), *citing* 42 Pa.C.S.A. § 9545(b)(1)(i - iii). A petition invoking an exception to the jurisdictional time-bar must be filed

within one year of the date that the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). If a petitioner fails to invoke a valid exception to the PCRA time-bar, courts are without jurisdiction to review the petition and provide relief. *Spotz*, 171 A.3d at 676.

Here, Appellant, without citation to a specific exception under Section 9545(b)(1), asserts that the "extraordinary circumstances" of his case warrant the grant of collateral relief and, therefore, in the "interest of justice" this Court should not be "constrained by timeliness requirements." Appellant's Brief at 8-9. Appellant contends that our Supreme Court, in *Commonwealth v. Tyson*, 635 A.2d 623 (Pa. 1993), held that "at times [courts may grant] post-conviction [collateral] relief in order to equalize the treatment of similarly situated individuals who were not even involved in the same case." Appellant's Brief at 7. Appellant argues that the facts of his case are similar to the facts in *Commonwealth v. Lasko*, 14 A.3d 168 (Pa. Super 2011), where, according to Appellant, this Court found Lasko's "waiver colloquy was insufficient and his right to counsel was violated" and, therefore, Lasko was entitled to a new trial. Appellant's Brief at 9.

Upon review, we concur with the PCRA court, and the record supports, that Appellant failed to plead and prove an exception to the jurisdictional time-bar. Contrary to Appellant's assertions, neither our Supreme Court's decision in *Tyson*, *supra*, nor this Court's decision in *Lasko*, *supra*, permit a court to overlook the PCRA's one-year jurisdictional time-bar in order to grant collateral relief on the claims asserted within an untimely PCRA petition.

In **Tyson**, our Supreme Court provided an exception to the statutory bar prohibiting **the re-litigation of claims** on collateral review under the PCRA when "fairness dictates that we permit collateral review." **Tyson**, 635 A.2d at 624; **see also Commonwealth v. Cruz**, 851 A.2d 870, 877 (Pa. 2004); 42 Pa.C.S.A. § 9543(a)(3) (stating that, one of the eligibility requirements for collateral relief under the PCRA is that the "allegation of error has not been previously litigated or waived"). Specifically, the **Tyson** Court stated,

> Based upon the circumstances presented here,[3] we conclude that while the issues presented here were, indeed, previously raised and decided in appellant's direct appeal and thus, under the PCRA were finally [and previously] litigated, fairness dictates that we permit collateral relief. [Tyson] reasonably concluded from the wording of the May 6, 1988 order that it was [our Supreme] Court's intention to permit her to seek collateral relief and thereby have the benefit of [the] then[-]pending [**Commonwealth v. Stonehouse**, 517 A.2d 540 (Pa. Super. 1980), *rev'd*, 555 A.2d 772 (Pa. 1989)] decision. Under the circumstances presented here it would be manifestly unjust for [our Supreme] Court to affirm [this Court's] decision especially given the fact that it was our [Supreme Court's] own order that no doubt misled [Tyson]. Under these limited facts, justice demands that we permit the trial court's order granting post-conviction relief to stand.

**Tyson**, 635 A.2d at 624. Consequently, the decision in **Tyson** provided an exception to the PCRA eligibility requirement set forth in Section 9543(a)(3), which focuses upon prior litigation of a claim, and **did not** provide precedent

---

[3] In an order denying Tyson's application for stay of execution of her sentence pending resolution of a motion for reconsideration of our Supreme Court's denial of allowance of appeal, the **Tyson** Court denied the application to stay "without prejudice for [Tyson] to apply for relief under the [PCRA]." **Tyson**, 635 A.2d at 624.

for this Court to overlook the jurisdictional time-bar set forth in Section 9545(b)(1) in the interest of justice.

We further find that the facts of Appellant's case are distinctly different from the circumstances presented in **Lasko**, **supra**. In **Lasko**, Lasko filed a **timely PCRA petition**, seeking to restore his direct appeal rights *nunc pro tunc*, which the PCRA court subsequently granted. **Lasko**, 14 A.3d at 170. **On direct appeal**, Lasko was able to successfully argue that he did not knowingly, intelligently, and voluntarily waive his right to counsel at trial. **Id.** at 170, 174. In vacating Lasko's judgment of sentence and granting a new trial, this Court found that "[w]hen asked if [he] wanted to waive his right to counsel, [Lasko] replied that he wanted an attorney who would 'work' for him and noted that counsel [] refused to file a motion to suppress and, instead, urged [Lasko] to take the plea deal." **Id.** at 171. The **Lasko** Court held that the record clearly reflected that Lasko did not knowingly, intelligently, and voluntarily waive his right to counsel but, rather, wanted new counsel appointed who would pursue a motion to suppress and to try the case. **Id.**

In the case *sub judice*, Appellant contends that he, like Lasko, is entitled to collateral relief because the record would support a finding that he did not knowingly, intelligently, and voluntarily waive his right to counsel but, rather, believed his trial counsel was "not working on his behalf" and he simply wanted the appointment of new counsel. Appellant's reliance on **Lasko**, **supra**, for purpose of overcoming the PCRA jurisdictional time-bar is misplaced. As discussed *supra*, Lasko filed a timely PCRA petition which

resulted in, *inter alia*, the reinstatement of his direct appeal rights *nunc pro tunc* and, ultimately, an order vacating his judgment of sentence. As such, in **Lasko**, a claim challenging the validity of the waiver of counsel colloquy did not identify an *ad hoc* exception to the PCRA's timeliness requirement but, rather, supplied a viable mechanism for securing substantive relief **on direct appeal**.

In sum, we concur with the PCRA court, and the record supports that Appellant filed an untimely PCRA petition. Therefore, the PCRA court was without jurisdiction to address Appellant's underlying claims and properly dismissed his petition. As such, we are without jurisdiction to address Appellant's claims on appeal.

Order affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 09/16/2024