J-S31017-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM MOISES TORRES | : | |
| | : | |
| Appellant | : | No. 530 EDA 2024 |

Appeal from the PCRA Order Entered January 29, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0003055-2008

BEFORE: BOWES, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED DECEMBER 11, 2024**

William Moises Torres appeals *pro se* from the order dismissing his Post

Conviction Relief Act ("PCRA") petition as untimely. 42 Pa.C.S.A. §§ 9541-

9546. We affirm.

The trial court aptly summarized the factual history of this case.

> On February 18, 2009, pursuant to a fixed plea
> agreement, [Torres] entered guilty pleas to two (2) counts
> of Murder of the Third Degree. [Torres] admitted to the
> shooting and killing of Jorge Camacho and Carlos Collazo.
> Both victims were shot two (2) times. Mr. Camacho suffered
> a penetrating gunshot wound to the left side of the chest,
> and a second wound "to the posterior midline back area."
> Mr. Collazo suffered a "gunshot wound to the upper back,"
> and a second wound to the abdomen.

Rule 1925(a) Opinion, filed 3/13/24, at 1-2 (footnotes omitted). The court

sentenced Torres to an aggregate term of 40 to 80 years' incarceration. ***See***

N.T., Sentencing, 3/26/09, at 24. Torres did not file a direct appeal.

Torres filed the instant *pro se* PCRA petition, his fourth, on December 11, 2023, claiming he unknowingly withdrew his first PCRA petition in March 2010. **See** Petition Under Post Conviction Relief Act and for *Nunc Pro Tunc* Reinstatement of Appellate Rights, filed 12/11/23, at ¶¶ 13, 15. While acknowledging the instant petition was untimely, he claimed relief in "the interest of justice." **Id.** at 7. In support, he cited **Commonwealth v. Collins**, No. 234 WDA 2018, 2019 WL 1412378 (Pa.Super. filed Mar. 28, 2019) (unpublished mem.), and **Commonwealth v. Tyson**, 635 A.2d 623 (Pa. 1993). The court issued notice of intent to dismiss the petition without a hearing, pursuant to Pa.R.Crim.P. 907(1). **See** Order, filed 1/8/24. Torres responded, again citing **Collins**. The court dismissed the petition as untimely, and this timely appeal followed. **See** Order, filed 1/29/24.

Torres raises the following issue: "Whether the [t]rial [c]ourt [e]rred and abused its discretion in dismissing [Torres's] Post Conviction petition seeking relief in the [i]interest of [j]ustice where insufficient reason exist[s] to support differential treatment among individuals?" Torres's Br. at 3 (suggested answer and unnecessary capitalization omitted).

In reviewing the denial of PCRA relief, we determine "whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

The time limitations set by the PCRA are jurisdictional and "[w]ithout jurisdiction, we simply do not have the legal authority to address the

substantive claims." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). "If a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition." ***Id.*** (citation omitted). A petitioner has one year from the date the judgment of sentence becomes final to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." ***Id.*** at § 9545(b)(3). Beyond the one-year deadline, a petitioner must plead and prove a time-bar exception. The exceptions are for governmental interference, newly discovered facts, and a constitutional right recognized to apply retroactively. ***See id.*** at § 9545(b)(1)(i)-(iii). The petitioner must raise the claim within one year from the time it could have been raised. ***See id.*** at § 9545(b)(2).

Here, Torres's judgment of sentence became final on April 27, 2009, after the time to appeal to this Court expired. ***See*** Pa.R.A.P. 903(a). Thus, the instant petition was 13 years late, as Torres admits. However, he did not plead any time-bar exception. Instead, Torres claimed that the "interest of justice" should permit the review of his claims, citing ***Tyson*** and ***Collins***. However, neither case affords him relief as they involved timely PCRA petitions. Furthermore, the interest of justice is not a time-bar exception. In the context of PCRA proceedings, it only has application in the context of appointing counsel. ***See*** Pa.R.Crim.P. 904(E) ("The judge shall appoint counsel to represent a defendant whenever *the interests of justice* require it") (emphasis

- 3 -

added); ***Commonwealth v. Wharton***, 263 A.3d 561, 569 (Pa. 2021) (concluding "PCRA court's failure to find the interest of justice required the limited appointment of counsel is supported by the record and not manifestly unreasonable").

Torres's petition is untimely and he has not pled a time-bar exception. As such, the PCRA court was without jurisdiction to address the merits of the petition. ***Albrecht***, 994 A.2d at 1093. We affirm the order dismissing the petition as untimely.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/11/2024