J-S46023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DIONNE HENDERSON, | : | |
| | : | |
| Appellant | : | No. 1962 EDA 2019 |

Appeal from the PCRA Order Entered June 14, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008614-2009

BEFORE: BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.: **FILED: JANUARY 29, 2021**

Appellant, Dionne Henderson, appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Following our careful review, we affirm.

We previously summarized the facts of this case in Appellant's appeal from the judgment of sentence, as follows:

> The facts in this matter involve Appellant's decade long sexual abuse of his daughter, beginning when she was four years old. Appellant initially began by inappropriately touching the victim's buttocks overtop her clothing. The touching then escalated to touching the victim's clitoris, placing his hands between her labia, and putting his mouth on her breasts during bath time. After the victim turned eight or nine years of age, the sexually deviant behavior increased. Appellant kept the victim home from school on occasion to be alone with the victim. In one incident, Appellant touched but did not penetrate the victim's vagina with his fingers and tried to put his penis between the victim's breasts, but they were not fully developed. Appellant also touched the victim's rectum and placed his mouth on the victim's vagina. According to

the victim, she would complain to Appellant when he would try and insert his finger into her vagina.

On another occasion, Appellant penetrated the victim's vagina with his finger. Appellant also began to force the victim to perform oral sex and would ejaculate in the victim's mouth. The victim set forth that Appellant told her how to perform oral sex without her teeth touching his penis. The sexual abuse escalated to vaginal intercourse when the victim was ten or eleven. The victim indicated that the first time Appellant engaged in vaginal intercourse, he began by caressing and kissing her before kissing her vaginal area. He initially penetrated her vagina with his finger before inserting his penis and having intercourse. The intercourse caused her to have vaginal bleeding. In addition, the victim asserted that the Appellant always prefaced subsequent vaginal intercourse with making the victim perform oral sex. The last instance of abuse occurred when the victim was fourteen. Appellant made the victim perform oral sex on him and caused her to gag by shoving his penis inside her mouth. Afterward, Appellant forced the victim over a dryer and engaged in vaginal sex.

The victim first reported these incidents on April 19, 2009, several days after the last sexual violation transpired. She initially left home because her father told her that he was going to beat her for failing to wear the appropriate Muslim garb. The victim went to her step-grandmother's home, approximately a three-hour walk away, and told her step-aunt that Appellant was putting his hands on her. When her aunt asked her if she was being sexually abused, she did not respond, and looked down. Believing sexual abuse may have occurred, the aunt reported the matter to police. The victim provided police with a statement regarding the sexual abuse and was taken to a hospital for an examination. She related the sexual abuse to a nurse and her aunt, and the exam showed that the victim had a tear at the bottom of the entrance to her vagina and a swollen red cervix. Testimony at trial revealed that the tear was consistent with a history of vaginal penetration.

*Commonwealth v. Henderson*, 125 A.3d 438, 1263 EDA 2014 (Pa. Super.

filed July 7, 2015) (unpublished memorandum at *1).

The PCRA court summarized the procedural history of the crimes, as follows:

On June 19, 2013, following a jury trial before this [c]ourt, [Appellant] was found guilty of rape of a child, involuntary deviate sexual intercourse [("IDSI")] with a child, aggravated indecent assault of a child, unlawful contact with a minor, corruption of a minor, endangering the welfare of a child [("EWOC")], and incest.[1]  On November 15, 2013, [Appellant] was sentenced to 20-40 years' imprisonment for his rape of a child conviction, 20-40 years' imprisonment for his [IDSI] with a child conviction, 10-20 years' imprisonment for his aggravated indecent assault of a child conviction, and 10-20 years' imprisonment for his unlawful contact with a minor conviction, to run consecutively.  This [c]ourt also sentenced [Appellant] to 5-10 years' imprisonment for his incest conviction, 2 ½-5 years' imprisonment for his corruption of minors conviction, and 3 ½-7 years' imprisonment for his [EWOC] conviction, to run concurrently.  On July 7, 2015, the Superior Court affirmed [Appellant's] judgment of sentence.  [**Henderson**, 1263 EDA 2014 (unpublished memorandum).  Appellant] did not file a petition for allowance of appeal to the Pennsylvania Supreme Court.

On August 9, 2016, [Appellant] filed his first, and instant, *pro se* petition for post –conviction relief pursuant to 42 Pa.C.S. § 9543(a)(2)(ii).1  PCRA counsel, Peter A. Levin, Esquire, was appointed and counsel filed an amended petition on August 14, 2017.  In his PCRA petition, [Appellant] argued trial counsel was ineffective for failing to:  object and request a mistrial, prepare for trial, introduce testimony of complainant's past sexual behavior, and raise certain issues.

1 42 Pa.C.S. § 9543(a)(2)(ii) states to be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that the conviction or sentence resulted from ineffective assistance of counsel, which in the circumstances of the particular case, so undermined the truth-

---

[1] 18 Pa.C.S. §§ 3121(c), 3123(b), 3125(b), 6318(a)(1), 6301(a)(1), 4304(a)(1), and 4302, respectively.

determining process that no reliable adjudication of guilt or innocence could have taken place.

The Commonwealth filed a motion to dismiss on May 15, 2018. [Appellant] filed a supplemental amended petition, arguing that his designation as a sexually violent predator was illegal, on August 20, 2018. The Commonwealth subsequently agreed to vacate [Appellant's] designation as a[n] SVP. On April 11, 2019, this [c]ourt signed an Order by Agreement, vacating [Appellant's] designation as a[n] SVP. On May 14, 2019, this [c]ourt sent [Appellant] a notice pursuant to Pennsylvania Rule of Criminal Procedure 907, indicating that his petition would be dismissed as meritless. [Appellant] did not file a response to the 907 Notice. On June 14, 2019, after conducting a thorough and independent review of the record, this [c]ourt dismissed [Appellant's] petition without a hearing as meritless. [Appellant] filed a timely notice of appeal to the Superior Court.

PCRA Court Opinion, 12/19/19, at 1–3. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement, and none was filed. The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issues in this appeal:

I. Whether the PCRA court was in error in not granting relief on the issue that counsel was ineffective.

  a. Whether trial counsel was ineffective for failing to object and request a mistrial[.]

  b. Whether trial counsel was ineffective for failing to prepare Appellant's case for trial[.]

  c. Whether trial counsel was ineffective for failing to file a motion to reconsider sentence[.]

  d. Whether appellate counsel was ineffective for failing to properly represent Appellant[.]

    1. Whether appellate counsel was ineffective for failing to appeal the denial of the pretrial motion to

- 4 -

> introduce testimony of complainant's sexual behavior[.]
>
> 2. Whether appellate counsel was ineffective for failing to appeal the denial of counsel's motion to withdraw[.]
>
> 3. Whether appellate counsel was ineffective for failing to appeal the denial of the weight of the evidence motion[.]

III.[2] Whether the PCRA court was in error in failing to grant an evidentiary hearing on the above issues[.]

Appellant's Brief at 9 (unnecessary capitalization omitted).

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014).

---

[2] Appellant did not include a numbered "II" issue in his Statement of Questions Involved pursuant to Pa.R.A.P. 2116, nor did the Argument section of his brief comport with Pa.R.A.P. 2119.

To be eligible for relief under the PCRA, a defendant must plead and prove that his conviction and/or sentence resulted from one of the circumstances delineated by the PCRA. *See* 42 Pa.C.S. § 9543 (outlining the eligibility requirements for PCRA relief). Among those requirements are that the issue must not be previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). An issue is previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue[.]" 42 Pa.C.S. § 9544(a)(2).

All of Appellant's issues assail the effectiveness of either trial or appellate counsel. To plead and prove ineffective assistance of counsel, a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. *Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015). A claim of ineffectiveness will be denied if [Appellant's] evidence fails to meet any one of these prongs. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). Counsel is presumed to have rendered effective assistance of counsel. *Commonwealth v. Montalvo*, 114 A.3d 401, 410 (Pa. 2015). Moreover, we have explained that trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

With regard to the second prong, we have reiterated that trial counsel's approach must be "so unreasonable that no competent lawyer would have chosen it." **Commonwealth v. Ervin**, 766 A.2d 859, 862-863 (Pa. Super. 2000) (quoting **Commonwealth v. Miller**, 431 A.2d 233 (Pa. 1981)). "The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. . . . The balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis." **Commonwealth v. Pierce**, 527 A.2d 973, 975 (Pa. 1987).

As to the third prong, prejudice requires proof that there is a reasonable probability that but-for counsel's error, the outcome of the proceeding would have been different. **Pierce**, 786 A.2d at 213. "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." **Commonwealth v. Daniels**, 963 A.2d 409, 419 (Pa. 2009). Thus, when it is clear that a petitioner has failed to meet the prejudice prong of an ineffective-assistance-of-counsel claim, the claim may be disposed of on that basis alone, without a determination of whether the first two prongs have been met. **Commonwealth v. Baker**, 880 A.2d 654, 656 (Pa. Super. 2005).

Finally, it is presumed that the petitioner's counsel was effective unless the petitioner proves otherwise. **Commonwealth v. Williams**, 732 A.2d 1167, 1177 (Pa. 1999). Moreover, we are bound by the PCRA court's credibility determinations where there is support for them in the record.

*Commonwealth v. Battle*, 883 A.2d 641, 648 (Pa. Super. 2005) (citing *Commonwealth v. Abu-Jamal*, 720 A.2d 79 (Pa. 1998)).

In his first issue, Appellant asserts that trial counsel rendered ineffective assistance of counsel by failing to object or move for a mistrial:  a) when Juror Number Ten disregarded the trial court's instructions by taking notes and communicating with other jurors concerning the case; b) by asserting that Commonwealth witnesses Elizabeth Johnson and Shaniyah Shaw provided hearsay testimony; c) when Ms. Johnson testified that the nurses who examined the victim "knew she was telling the truth"; d) because Commonwealth expert witness, Dr. Maris McColgan, did not have first-hand knowledge of the derivative findings of the examination; and e) based upon the trial court's "impermissible" questioning of defense witness, George David, concerning the meaning of Islamic "Garb."  Appellant's Brief at 20–21.

This issue is waived.  Appellant provides merely conclusory statements of the alleged ineffectiveness and fails to develop his argument.  Appellant's Brief at 20–21.  While he sets forth case law in his brief explaining the standards for granting a mistrial, *id.* at 21, he wholly fails to assert how he was prejudiced.  In addition, Appellant completely fails to cite to the record where the various alleged instances occurred.  "It is not this Court's responsibility to comb through the record seeking the factual underpinnings of an appellant's claim."  *Commonwealth v. Samuel*, 102 A.3d 1001, 1005 (Pa. Super. 2014).  Appellant has not expressed how he was prejudiced, he

failed to support his allegations of ineffectiveness by citation to the record, and he posits he disagreed with the PCRA court's explanation without stating how or why. Appellant's Brief at 21.

Even if not waived, we would agree with the PCRA court's explanation, as follows:

> In his PCRA petition, [Appellant] claimed trial counsel rendered ineffective assistance by failing to move for a mistrial when Juror No. 10 violated this [c]ourt's instructions by taking notes during opening statements and communicating with other jurors about the case prior to deliberations. [Appellant's] claim is without merit because he has failed to demonstrate counsel had no reasonable basis for failing to object and request a mistrial, as required by the second prong of [Commonwealth v.] Pierce, 527 A.2d 973 (Pa. 1987)). "In determining whether counsel's action was reasonable, the Supreme Court of Pennsylvania does not question whether there were superior courses of action which counsel could have pursued; rather, we examine whether counsel's decisions had any reasonable basis." Commonwealth v. Rollins, 558 Pa. 532 (1999). In the instant case, when this [c]ourt took notice of the juror's behavior, it took away Juror 10's notepad. After questioning the juror regarding her ability to follow the rules, both parties agreed that the juror should not be removed. This [c]ourt also independently came to the conclusion that the juror could follow the provided instructions. Although she admitted that she spoke to other jurors about her notebook being taken away by this [c]ourt, the juror did not discuss the merits of the case. Most importantly, [Appellant] himself expressed that he did not want a mistrial and his belief that the juror could be fair and follow directions. (N.T. 6/13/2013, p. 65-66). Thus, it was reasonable for trial counsel to not object and request a mistrial because the court and all parties believed that the juror would follow the [c]ourt's rules, the jurors had not discussed the merits of the case, and [Appellant] himself expressed that he did not want a mistrial. As such, [Appellant's] claim affords no relief.
>
> [Appellant] also argued that trial counsel was ineffective for failing to object or move for a mistrial when Commonwealth witnesses Elizabeth Johnson and Shaniyah Shaw gave testimony characterized as impermissible hearsay. According to [Appellant],

because the two witnesses did not qualify as "prompt complaint" witnesses, they should have been precluded from testifying with respect to the hearsay statements made by the victim concerning [Appellant's] sexual abuse. [Appellant's] claim fails because he has failed to demonstrate that the underlying claim has arguable merit, as required by the first prong of Pierce. Testimony by Ms. Johnson and Ms. Shaw was not hearsay. Pennsylvania Rule of Evidence 801(d)(1)(B) provides that a statement is not hearsay if the declarant testifies and is subject to cross-examination about the prior statement, the statement is consistent with the declarant's testimony, and it is offered to rebut an express or implied charge that the declarant recently fabricated the statement or acted from a recent improper influence or motive in so testifying.

In his PCRA petition, [Appellant] fails to specify which statements by the two witnesses were hearsay testimony. Thus, as a matter of law, his claim should be dismissed for lack of development. However, a close review of the record reveals that both Johnson and Shaw repeated the victim's out-of-court statements, concerning her sexual abuse, multiple times while on the stand. Nonetheless, testimony by Ms. Johnson and Ms. Shaw was properly admitted pursuant to Pa.R.E. 801(d)(1)(B) because the victim testified at trial and was subject to cross examination concerning her sexual abuse, the testimony rendered by both Ms. Johnson and Shaw [was] consistent with the victim's testimony, and the testimony was offered to rebut defense counsel's theory that the victim was lying about [Appellant's] sexual abuse in order to get back at her strict father. Thus, testimony by Ms. Johnson and Ms. Shaw was not hearsay pursuant to Pa.R.E. 801(d)(1)(B), and [Appellant's] claim must fail for lack of underlying merit.

Next, [Appellant] argued trial counsel was ineffective for failing to object when witness Elizabeth Johnson testified that the nurses examining the victim knew she was not lying. Trial counsel did object and therefore this claim fails for lack of underlying merit. At trial, Ms. Johnson testified as follows:

COMMONWEALTH:     And tell us about what you saw.

MS. JOHNSON:     Okay. We was in the—we were in the room and the two nurses came in. The two nurses came in and they started examining [the victim].

DEFENSE COUNSEL: I'm sorry, Judge. I can't hear.

MS. JOHNSON: I'm sorry.

COMMONWEALTH: If you could just give her a moment.

MS. JOHNSON: I have a daughter myself. My daughter's 16, so that's why it's so touching to me. When [the victim] laid on the table, she just laid on the table and she just opened up her legs really wide like it was nothing. Like being that young, she just laid up there like that and the nurses already knew that she wasn't lying.

DEFENSE COUNSEL: Objection.

THE COURT: Sustained.

N.T. 6/14/2013, Page 64. Accordingly, [Appellant's] claim was properly dismissed.

[Appellant] also claimed counsel was ineffective for failing to object or move for mistrial based on the testimony of Dr. McColgan because Dr. McColgan did not examine the victim herself. This contention fails because [Appellant] has failed to demonstrate counsel lacked a reasonable basis for not doing so, as required by the second prong of Pierce. Pa.R.E. 702 states that a "witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge is beyond that possessed by the average layperson; the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; and the expert's methodology is generally accepted in the relevant field." This [c]ourt qualified Dr. McColgan as an expert in the field of child abuse pediatrics. Dr. McColgan testified that she had reviewed the victim's medical records. Dr. McColgan then rendered testimony in the form of an opinion as to what the victim's medical records showed, which helped the trier of fact to understand what the evidence demonstrated. Thus, defense counsel had a reasonable basis for not objecting to Dr. McColgan's expert testimony: the medical doctor was a qualified expert who reviewed the victim's medical files and rendered testimony in the form of an expert opinion.

- 11 -

Accordingly, [Appellant's] claim was properly dismissed for lack of merit.

[Appellant] next alleged that trial counsel was ineffective for failing to object or move for mistrial when this Court questioned witness George Davis about the meaning of his statement that the victim was "garbed up." [Appellant] alleged that this was impermissible because Davis was not an expert on Muslim garb. This contention is meritless. This [c]ourt simply asked Mr. Davis to clarify his own statement for the jury and describe what he meant by the term garbed up. His response, explaining the different variances in Muslim garb, was his lay opinion and did not require expert testimony. Thus, this claim was properly dismissed for lack of merit. [Appellant] further argued that he was prejudiced by this line of questioning because of negative publicity concerning Muslims. However, the jury was always aware of the fact that [Appellant] was Muslim as this was the center of [Appellant's] defense: that the victim lied about the sexual abuse because she did not want to continue to grow up in a strict Muslim household. Thus, this line of questioning did not prejudice [Appellant].

PCRA Court Opinion, 12/19/19, at 5–9.

Appellant's second claim of trial counsel's ineffectiveness is that trial counsel failed to prepare Appellant's case for trial. Appellant's Brief at 22. In making this claim, Appellant suggests, "[T]here were many witnesses that counsel did not investigate, who would have testified that Appellant was not with complainant on the dates she testified he sexually abused her." Appellant's Brief at 22. Appellant does not identify a single witness. Appellant continues similarly, "A reasonable investigation would have produced individuals that would be willing to testify that Appellant was incarcerated at SCI Albion and not with complainant on dates she testified that she was

sexually abused." *Id.* at 23. Once again, Appellant fails to identify any such individuals.

To prevail on a claim of trial counsel's ineffectiveness for failure to call a witness, an appellant must prove: "(1) the witness existed; (2) the witness was available; (3) trial counsel was informed of the existence of the witness or should have known of the witness's existence; (4) the witness was prepared to cooperate and would have testified on [the] appellant's behalf; and (5) the absence of the testimony prejudiced [the] appellant." *Commonwealth v. Chmiel*, 889 A.2d 501, 545-546 (Pa. 2005) (citations omitted). Trial counsel's failure to call a particular witness does not constitute ineffective assistance without some showing that the absent witness's testimony would have been beneficial or helpful in establishing the asserted defense. *Id*. Appellant must demonstrate how the testimony of the uncalled witness would have been beneficial under the circumstances of the case. *Id*. Appellant has not identified any witness, let alone complied with the parameters of the level of proof to prove ineffective assistance of counsel for failure to call a witness. Thus, the issue lacks merit. *See Commonwealth v. Brown*, 161 A.3d 960, 967–968 (Pa. Super. 2017) (failure to provide affidavits or certifications from foregone witness indicating willingness and availability to testify is sufficient for PCRA court to reject claim without holding evidentiary hearing).

Additionally, we rely upon the trial court's explanation for its rejection of this issue, as follows:

> [Appellant] asserted that trial counsel was ineffective for not investigating his case. According to [Appellant], he was in jail during the time of the alleged abuse and many alibi witnesses existed to prove he was not near the victim during the alleged times of abuse. These are bald assertions. [Appellant] did not substantiate his clam with any proof, including the dates he was incarcerated, names of the alleged alibi witnesses, or any supporting affidavits. The period of abuse took place over the course of 10 years, therefore, even if [Appellant] could produce witnesses that assert that they were with [Appellant] on a certain day, it would still not account for the extensive period of molestation that occurred over the span of 10 years. At best, it might have shown that the victim had mistaken one or two dates. However, in order to succeed on an ineffectiveness claim for failure to call a witness, [Appellant] must prove that (1) the witness existed; (2) counsel was aware or should have been aware of the witness' existence; (3) the witness was willing and able to cooperate with the defense; (4) [Appellant] was prejudiced by the absence of the witness' testimony. Commonwealth v. Simpson, 66 A.3d 253, 271 (Pa. 2013). [Appellant] did not prove, or even discuss, either of these prongs. Therefore, his claim must fail.

PCRA Court Opinion, 12/19/19, at 9.

Next, Appellant suggests trial counsel was ineffective for failing to file a motion to reconsider sentence. Appellant's Brief at 24. This issue is waived. In his amended PCRA petition, Appellant asserted that **direct-appeal** counsel was ineffective for failing to preserve and present a discretionary sentencing claim on direct review. Amended PCRA Petition, 8/14/17, at 18–19. Appellant did not assert trial counsel's ineffectiveness in this regard; thus, the claim is waived. Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); ***Commonwealth v. Lincoln***, 72 A.3d 606, 610 (Pa. Super. 2013) ("[F]or any claim that was required to be preserved, this Court cannot review a legal theory in support

of that claim unless that particular legal theory was presented to the trial court.").

Even if the issue were not waived, it would not provide Appellant with relief. Appellant maintains that if trial counsel had filed a motion to reconsider Appellant's sentence, "[A] reasonable judge . . . would have found the sentence of 60-120 years incarceration excessive and unreasonable." Appellant's Brief at 24. On direct review, this Court determined that Appellant preserved a challenge to the excessiveness of his sentence. In a thorough and exhaustive analysis of the sentence imposed, a panel of this Court denied the claim on the merits, finding that the trial court did not abuse its discretion in sentencing Appellant. *Henderson*, 1263 EDA 2014 (unpublished memorandum at *3–4). All but one of the proposed discretionary-aspects-of-sentencing claims Appellant highlights, which we discuss *infra*, were reviewed and rejected on direct appeal. This Court affirmed that the trial court provided adequate reasons for the sentence, sentenced Appellant with full awareness of the relevant sentencing factors, and reasonably elected to impose consecutive sentences and sentences that exceeded the guidelines' standard range. *Id.*

Pursuant to 42 Pa.C.S. § 9543(a)(3), "[t]o be eligible for relief under this subchapter, the [PCRA] petitioner must plead and prove by a preponderance of the evidence," *inter alia*, "[t]hat the allegation of error has not been previously litigated or waived." A claim is previously litigated under

the PCRA if, *inter alia*, "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." ***Commonwealth v. Chambers***, 807 A.2d 872, 881 (Pa. 2002). As noted, we determined on direct appeal that Appellant's sentence was not excessive or unreasonable. Thus, this issue was previously litigated.

The only proposed sentencing claim that was not previously addressed by this Court was the assertion that the trial court allegedly "inappropriately [sentenced Appellant] based on his religion." Appellant's Brief at 24. The PCRA court was permitted to find that prior counsel could not have been ineffective for failing to raise that issue because there was no support for it in the record. ***See Commonwealth v. Rega***, 933 A.2d 997, 1019 (Pa. 2017) (counsel cannot be ineffective for failing to pursue a meritless claim). The trial court made no reference to Appellant's religion at the sentence hearing, let alone suggest that it considered the practice of Appellant's religion as a sentencing factor. PCRA Court Opinion, 12/19/19, at 11 ("Defendant failed to meaningfully develop his claim that this [c]ourt's sentence was punishment for his Muslim beliefs. Evidence of this is not in the record, and [Appellant] failed to highlight even one instance that this [c]ourt considered [Appellant's] religion during sentencing."). This issue is waived, if not waived, it was previously litigated, and additionally, the unaddressed aspect of the claim lacks merit.

Appellant next asserts that **appellate counsel** was ineffective for failing to properly represent Appellant in three instances, the first of which is that appellate counsel was ineffective "for failing to appeal the denial of the pretrial motion to introduce testimony of complainant's sexual behavior." Appellant's Brief at 25. Once again, the claim is waived. As in the preceding issue, the contention raised actually concerns **trial counsel's** representation. Appellant's underlying allegation is that trial counsel was ineffective for failing to introduce testimony concerning the victim's sexual history. Accordingly, Appellant's related claim of trial counsel's ineffectiveness did not preserve his instant assertion of direct-appeal counsel's alleged ineffectiveness. Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Even if not waived, the contention is meritless. The PCRA court noted as follows:

> In his PCRA petition, [Appellant] claimed trial counsel was ineffective for failing to file a pretrial motion to inquire about the victim's previous sexual behavior. This claim fails for a lack of underlying merit, as required by the first prong of Pierce, because defense counsel did, in fact, file a pretrial motion for admission of the victim's prior bad acts pursuant to Pa.R.Crim.P. 404(b). See Motion for Admission of Bad Acts, filed January 9, 2010. In his motion, defense counsel sought to present evidence showing that the victim had engaged in a sexual relationship with an older man. This [c]ourt denied the motion on November 15, 2010[,] pursuant to the Pennsylvania Rape Shield Statute.[3] Accordingly, [Appellant's] claim was properly dismissed for lack of merit.

---

[3] The general rule of the Rape Shield Law provides as follows:

PCRA Court Opinion, 12/19/19, at 10. Because trial counsel actually pursued the action Appellant avers trial counsel did not take, there is no merit to the ineffectiveness claim. *See*, *e.g.*, *Commonwealth v. Gwynn*, 943 A.2d 940, 946 (Pa. 2008) ("claim that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness on direct appeal is meritless since it was, in fact, raised").[4]

Appellant next posits that appellate counsel was ineffective for failing to appeal the denial of trial counsel's motion to withdraw representation.

_____

> Evidence of specific instances of the alleged victim's past sexual conduct, past sexual victimization, allegations of past sexual victimization, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions of any offenses listed in subsection (c) except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.

18 Pa.C.S. § 3104(a).

[4] We note that the PCRA court properly denied the ineffectiveness claim for lack of merit because Appellant's underlying claim violated the Rape Shield Law, 18 Pa.C.S. § 3104, which protects victims of sexual abuse from the admission of evidence of their consensual sexual activity. PCRA Court Opinion, 12/19/19, at 10. Appellant's egregious abuse began when the victim was merely four years old. Even if the victim subsequently was molested by another adult male—in addition to Appellant's ongoing abuse—the existence of the additional abuser would not exculpate Appellant. *See*, *e.g.*, *Commonwealth v. Holder*, 815 A.2d 1115, 1120 (Pa. Super. 2003) (testimony that the victim thought the defendant's friend might have raped her one week before the alleged rape by the defendant was irrelevant because the testimony did not make the victim's allegation that the defendant raped her more or less likely).

Appellant's Brief at 27. This issue is waived. Appellant refers to counsel's motion to withdraw but fails to indicate even one citation to the record. Indeed, Appellant quotes from the motion, Appellant's Brief at 27, but fails to support his bald assertions with citation to the record. As noted *supra*, this Court will not comb through the record seeking the factual underpinnings of an appellant's claim. ***Samuel***, 102 A.3d at 1005. The PCRA court apparently held a hearing on the motion, but Appellant fails even to reference the hearing, let alone present citation to its place in the record.

Even if not waived, we rely upon the PCRA court's explanation in rejecting this issue, as follows:

> [Appellant] argued appellate counsel was ineffective for failing to appeal the trial court's denial of trial counsel's motion to withdraw as counsel. [Appellant's] claim fails because his underlying claim lacks arguable merit, as required by the first prong of Pierce. On October 22, 2010, counsel filed a motion to withdraw as counsel. On November 10, 2010, this [c]ourt held a hearing on counsel's motion. [Appellant] argued that the trial court's denial of the motion to withdraw was inconsistent with Commonwealth v. Velasquez, 437 Pa. 262, 263 A.2d 351 (1970), where the Pennsylvania Supreme Court held trial courts should substitute counsel where it is demonstrated that good cause is shown why confidence does not exist. However, unlike [in] Velasquez, [Appellant] did not state the good cause for his lack of confidence in trial counsel. This [c]ourt held a hearing on trial counsel's motion to withdraw. After discussing the matter with [Appellant] and trial counsel in open court, it was clear that [Appellant] was dissatisfied with trial counsel's responsiveness, so he threatened to file a disciplinary complaint against trial counsel. Once trial counsel received a letter from [Appellant], threatening to file a disciplinary action, counsel thought it was in his best interest to withdraw from the matter. The [c]ourt explained [Appellant's] perspective to trial counsel and trial counsel's perspective to [Appellant], in open court while both parties were present. [Appellant] stated that he would take a "gamble" by

requesting trial counsel to stay on his case. N.T. 11/10/2010, page 18. After holding a hearing on the motion, the trial court found that the temporary breakdown in communication between [Appellant] and trial counsel was not good cause to substitute counsel. "The Sixth Amendment right to counsel does not guarantee a meaningful rapport between an attorney and his client." Commonwealth v. Person, 345 Pa. Super. 341, 345, 498 A.2d 432, 434 (1985). Therefore, the trial court's denial of counsel's petition to withdraw was clearly not a manifestly unreasonable exercise of judgment, and [Appellant's] underlying claim lacks merit.

PCRA Court Opinion, 12/19/19, at 11–12.

Appellant's third allegation of appellate counsel's ineffectiveness asserts that counsel "filed a motion that the verdict was against the weight of the evidence but did not pursue it on [direct] appeal." Appellant's Brief at 29.

Our Supreme Court has described the standard applied to a weight-of-the-evidence claim as follows:

> The decision to grant or deny a motion for a new trial based upon a claim that the verdict is against the weight of the evidence is within the sound discretion of the trial court. Thus, "the function of an appellate court on appeal is to review the trial court's exercise of discretion based upon a review of the record, rather than to consider *de novo* the underlying question of the weight of the evidence." An appellate court may not overturn the trial court's decision unless the trial court "palpably abused its discretion in ruling on the weight claim." Further, in reviewing a challenge to the weight of the evidence, a verdict will be overturned only if it is "so contrary to the evidence as to shock one's sense of justice."

***Commonwealth v. Williams***, 176 A.3d 298, 312 (Pa. Super. 2017) (quoting

***Commonwealth v. Cash***, 137 A.3d 1262, 1270 (Pa. 2016) (internal citations

omitted)). A trial court's determination that a verdict was not against the

weight of the evidence is "[o]ne of the least assailable reasons" for denying a

new trial. ***Commonwealth v. Colon–Plaza***, 136 A.3d 521, 529 (Pa. Super. 2016) (quoting ***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013)). A verdict is against the weight of the evidence where "certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." ***Commonwealth v. Lyons***, 833 A.2d 245, 258 (Pa. Super. 2003) (quoting ***Widmer***, 744 A.2d at 751–752). "[W]e do not reach the underlying question of whether the verdict was, in fact, against the weight of the evidence . . . . Instead, this Court determines whether the trial court abused its discretion in reaching whatever decision it made on the motion." ***Williams***, 176 A.3d at 312.

Appellant asserts that the victim's testimony "was lacking in credibility in that she contradicted herself" and was "not believable." Appellant's Brief at 30. Appellant does not identify any such contradictions or suggest what testimony was incredible. ***Id.*** at 30–31. We rely on the PCRA court's explanation in rejecting this issue:

> Lastly, [Appellant] claimed appellate counsel rendered ineffective assistance by failing to appeal the trial court's denial of his post-sentence motion for a new trial. According to [Appellant], he was entitled to a new trial because the verdict was not supported by the weight of the evidence. This contention is without merit because [Appellant] has failed to demonstrate he was prejudiced by appellate counsel's inaction, as required by the third prong of the Pierce test. Prejudice is established when [Appellant] demonstrates that, but for the errors or omissions of counsel, there is a reasonable probability that the outcome of the proceeding would have been different. Commonwealth v. Kimball, 724 A.2d 326, 333 (Pa. 1999). There is no reasonable probability that [Appellant] would have been granted a new trial because [Appellant's] verdict was supported by the weight of the evidence.

"A new trial is warranted in this context only when the verdict is so contrary to the evidence that it shocks one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." Commonwealth v. Konias, 136 A.3d 1014, 1022 (Pa. Super. 2016) (internal citations omitted).

Here, [Appellant's] verdicts for rape of a child, involuntary deviate sexual intercourse with a child, aggravated indecent assault of a child, unlawful contact with a minor, corruption of a minor, endangering the welfare of a child, and incest were not contrary to the evidence. The evidence supported the verdict. The victim provided detailed accounts of [Appellant's] sexual abuse, which was substantiated by testimony from medical expert Dr. McColgan and supported by testimony from Commonwealth witnesses Elizabeth Johnson and Shaniyah Shaw. [Appellant] based his argument that the verdict was contradicted by the evidence on his assertion that the victim lacked credibility because she gave contradictory testimony at times. However, [Appellant] failed to highlight specific instances in the record where the victim provided contradicting testimony, and "the determination of the credibility of a witness is within the exclusive province of the jury." Commonwealth v. Crawford, 553 Pa. 195, 718 A.2d 768 (1998). **Here, the jury found the victim's testimony to be credible, and the jury's determination was reasonable considering the victim provided detailed accounts of [Appellant's] sexual abuse and the medical records showed signs of trauma to the victim that were consistent with sexual abuse.** (N.T. 6/14/13, p. 18-19). Thus, even if a weight of the evidence challenge had been raised on appeal, there was no reasonable probability that [Appellant] would have been granted a new trial. Thus, [Appellant] has failed to demonstrate that he was prejudiced by appellate counsel's inaction, and his petition was properly dismissed as meritless.[2]

> [2] [Appellant] filed a supplemental amended petition, arguing that his designation as a sexually violent predator was illegal. The Commonwealth subsequently agreed to vacate [Appellant's] designation as a[n] SVP. On April 11, 2019, this [c]ourt signed an Order by Agreement, vacating [Appellant's] designation as a[n] SVP. Accordingly, this claim is void.

PCRA Court Opinion, 12/19/19, at 9–14 (emphasis added).

In his final issue, Appellant avers that the PCRA court erred "in failing to grant an evidentiary hearing on the above issues." Appellant's Brief at 31. "There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008) (quoting *Commonwealth v. Barbosa*, 819 A.2d 81 (Pa. Super. 2003)). "[S]uch a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015). Because there were no genuine issues of material fact regarding counsel's effectiveness, we discern no abuse of the PCRA court's discretion in denying Appellant an evidentiary hearing. *Id.*

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/29/21