J-S33015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN WYATT | : | |
| | : | |
| Appellant | : | No. 630 EDA 2021 |

Appeal from the PCRA Order Entered March 1, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0603901-1990

BEFORE: BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.: **FILED NOVEMBER 29, 2021**

Kevin Wyatt appeals *pro se* from the order that dismissed his serial petition filed pursuant to the Post-Conviction Relief Act ("PCRA"). We affirm.

In a prior appeal, this Court offered the following summary of the history of this case:

> [Appellant]'s convictions stem from the 1990 shooting death of a jewelry store employee. In 1992, a jury found [Appellant] guilty of first-degree murder, two counts of robbery, and criminal conspiracy. On June 1, 1993, the court sentenced [Appellant] to a term of life imprisonment for the murder conviction, and two consecutive terms of 10 to 20 years in prison on the robbery charges, to be served concurrently with the murder sentence. No further penalty was imposed with respect to the conspiracy charge. A panel of this Court affirmed his judgment of sentence, and our Supreme Court denied his petition for allowance of appeal.
>
> [Appellant] then filed a [PCRA petition] on September 18, 1997, alleging trial and appellate counsel ineffectiveness. The PCRA court denied relief, and a panel of this Court affirmed the court's dismissal of four of his five claims. However, the panel granted relief and ordered a new trial on the charge of murder based on

trial counsel's failure to object to an accomplice liability jury instruction. Both [Appellant] and the Commonwealth sought *allocatur*. The Pennsylvania Supreme Court denied the Commonwealth's petition on October 15, 2002.

Subsequently, the matter returned to the trial court for a new trial solely on the charge of first-degree murder. On January 26, 2004, [Appellant] entered a guilty plea to third-degree murder. That same day, the trial court imposed a sentence of ten years to twenty years in prison, consecutive to the previously imposed robbery sentences. No direct appeal was taken from that conviction and sentence. Instead, since that time, [Appellant] has inundated the courts with numerous petitions, raising an assortment of requests and claims. None of these petitions has provided [Appellant] any relief.

On November 13, 2018, [Appellant] filed the instant, his fifth, PCRA petition, alleging only that, on September 20, 2018, he found out that his co-defendant (Tony Bennett) received a shorter aggregate sentence.[3] As a result, [Appellant] claimed that his due process and equal protections rights were violated.

_____
[3] Bennett also was offered and subsequently accepted a guilty plea for third-degree murder and received a sentence of 10 to 20 years' imprisonment. However, unlike [Appellant], Bennett's sentence for the third-degree murder was concurrent with Bennett's other sentences. Therefore, Bennett's aggregate term of incarceration was 22½ to 45 years as compared to [Appellant]'s 30 to 60 years in prison.

***Commonwealth v. Wyatt***, 240 A.3d 967 (Pa.Super. 2020) (non-precedential decision at 1-3) (cleaned up).

The PCRA court dismissed the 2018 petition as untimely, and Appellant filed what was, after a remand, determined to be a timely notice of appeal. This Court, with the acquiescence of the Commonwealth, remanded for the PCRA court to determine whether Appellant exercised due diligence in discovering the fact that Bennett received a lesser sentence. ***See id***. at 6-7.

Back in the PCRA court, the Commonwealth did not dispute that Appellant exercised due diligence in discovering that Bennett had been resentenced and that Appellant's fifth petition was filed within the allotted time following the discovery, and the PCRA court so found.[1]  **See** PCRA Court Opinion, 3/1/20, at 1.  The court proceeded to the substance of Appellant's petition, which was a claim that his due process and equal protection rights were violated because he was "offered a disparate plea offer vis-à-vis Tony Bennett," although the two of them were "identically situated," and that Appellant "subsequently received a manifestly unjust sentence[.]"  PCRA Petition, 11/13/18, at 2.  The PCRA court dismissed Appellant's claim without a hearing, finding that Appellant had failed to state a viable claim for PCRA relief.

Appellant filed a timely notice of appeal.  The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and none was filed.  Appellant presents this Court with the following question:  "whether the [PCRA] court erred in it's [*sic*] finding Appellant's

---

[1] For claims arising on or after December 24, 2017, 42 Pa.C.S. § 9545(b)(2) provides that the petition must be filed within one year of the discovery of the new fact that forms the basis of the exception to the PCRA's time bar.  The certified record reflects that Bennett was resentenced on September 12, 2018, and Appellant filed his petition on November 13, 2018.  Accordingly, the PCRA court's determination that the instant PCRA petition was timely filed is palpably sound.

PCRA petition, asserting prosecutorial due process and equal protection violations, without-merit?" Appellant's brief at 4.

We begin with a review of the applicable legal principles. "The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." *Commonwealth v. Cruz*, 223 A.3d 274, 277 (Pa.Super. 2019) (cleaned up). "[A] PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further proceedings." *Id*. (internal quotation marks omitted). Additionally, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Stansbury*, 219 A.3d 157, 161 (Pa.Super. 2019) (internal quotation marks omitted).

The PCRA court offered the following explanation for its decision to dismiss Appellant's PCRA petition:

> Both [Appellant and Bennett] initially obtained the same sentence for their jury convictions of first-degree murder, then they negotiated separate plea deals over fourteen years apart for their different roles in the 1990 robbery-murder. As summarized by the Commonwealth, the feasibility of putting on a new trial for first-degree murder was far greater when [Appellant] was negotiating his plea deal in 2004 than it would have been when co-defendant Bennett negotiated his plea deal some fourteen years later. As such, co-defendant Bennett's sentence following post-conviction relief in 2018 did not implicate a claim of constitutionally disparate sentencing for [Appellant] in 2004.

> The PCRA does not provide a petitioner the ability to "match" his sentence with the sentence of his or her co-defendant. Here, both [Appellant] and Mr. Bennett initially received the same sentence for first-degree murder. Later, they negotiated separate plea deals over fourteen years apart before different judges. Simply put, [Appellant] has not shown a "miscarriage of justice which no civilized society could tolerate." Any claim of sentencing disparity must fail under these facts.

PCRA Court Opinion, 3/1/21, at 3-4 (citations omitted).

Appellant proffers an inconsistent argument of changing and conflated legal principles in seeking relief from this Court. First, he indicates that "he is eligible for relief under [the] PCRA because his disparate sentence resulted from 'the unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial had it been introduced.'" Appellant's brief at 9. However, Appellant provides no explanation for how the fact that his co-defendant was able to negotiate concurrent sentences is exculpatory evidence, let alone why it would be admissible at trial and change the outcome.

Appellant then shifts to a claim that the disparate sentences amount to an equal protection violation, citing case law that is inapt. *See id*. at 10 (citing *Evitts v. Lucey*, 469 U.S. 387, 405 (1985) (explaining that the Equal Protection Clause "emphasizes disparity in treatment by a State between **classes of individuals** whose situations are arguably indistinguishable" (emphasis added)); *id*. (citing *Commonwealth v. Tyson*, 635 A.2d 623 (Pa.1993) (holding PCRA petitioner was entitled to relief based upon her claim that counsel was ineffective in failing to present a "battered wife syndrome"

- 5 -

expert and defense); *id*. (citing **Walter v. United States**, 969 F.2d 814, 817 (9th Cir. 1992), for the proposition that "when **the federal courts** have treated differently two identically-situated co-defendants, the way must be open to the federal courts to correct their error." (emphasis added).[2] As such, Appellant's proffer fails to establish that the PCRA court's determination was the result of an error of law or an abuse of discretion.

Finally, Appellant maintains that "[d]ue process requires that this Court permit Appellant to vindicate his rights by reviewing the structural errors inherent in his plea agreement and sentence that are present in this case." *Id*. at 11. Yet he fails to establish how Bennett's negotiation of a shorter aggregate sentence, in front of a different judge, when the evidence was fourteen years staler than it was at the time Appellant negotiated his plea, amounts to a structural error that the PCRA court failed to remedy, or even that he has a right that has been violated.[3]

---

[2] The quote Appellant offers from **Walter v. United States**, 969 F.2d 814, 817 (9th Cir. 1992), arose in the context of determining whether the court had jurisdiction over a *habeas corpus* petition filed pursuant to 28 U.S.C. § 2255 to entertain a claim that it was manifestly unjust that his co-defendant prevailed on appeal on his speedy trial claim, but the appellant's identical claim was rejected).

[3] A structural error is "defined by the United States Supreme Court as a constitutional violation affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself[.]" **Commonwealth v. Baroni**, 827 A.2d 419, 420 (Pa. 2003) (internal quotation marks omitted).

Accordingly, we conclude that Appellant has not satisfied his burden of establishing that the PCRA court erred and that relief is due. Therefore, we affirm the order dismissing his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/29/2021